CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 3 0 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **TERRY BLAINE LAW,** | ) | **CASE NO. 7:15CV00395** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **WESTERN VA REGIONAL JAIL, ET AL.,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant(s).** | ) | |

Terry Blaine Law, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the Western Virginia Regional Jail ("the jail") in Salem, Virginia, and its superintendant, for allegedly violating his right to access the court. Upon review of the record, the court concludes that the complaint must be dismissed as moot.

Law states his belief that he has not been given credit for at least 80 days of jail time he has already served. In June 2015, he began asking for help from jail officials to bring some legal action to get the sentence credit problem fixed. Officers referred him to the law library, but said they could not give him legal advice or help him fill out a § 1983 form. The jail has no institutional attorney, and the law librarian advised Law that she could not tell him what kind of petition to file or assist him with legal research. Law was also unable to schedule time on the jail's legal research computer or find anyone to help him use it. In his § 1983 complaint, Law sues the jail itself and its superintendant as defendants. As relief, he asks this court to order the jail to provide legal assistance for him in pursuing his sentence credit claim.

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. If developments occur during the course of a case which render the court unable to grant a party the relief requested, the claims must be dismissed as moot. Blanciak v. Allegheny

<u>Ludlum Co.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996). The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. <u>See</u> <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979); <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir.1991) (finding prisoner's transfer rendered moot his claims for injunctive and declaratory relief); <u>Magee v. Waters</u>, 810 F.2d 451, 452 (4th Cir.1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief).

The court has been advised that Law is no longer incarcerated at the jail in Salem, where his claims seeking assistance in filing his sentence credit claim. His § 1983 complaint seeks only injunctive relief, directing jail officials to provide him with legal assistance. Because Law is no longer in the custody of jail officials, however, the court cannot grant the relief he seeks. Accordingly, his claims are moot, and the court will dismiss them without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _30th_ day of September, 2015.

_Gee Conrad_

Chief United States District Judge